IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRITTANY RINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-093 |
| | ) | (Formerly CR 310-012) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Brittany Riner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The matter is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.   BACKGROUND**

By indictment dated October 14, 2010, a grand jury charged Petitioner and two co-defendants with one count of armed bank robbery and one count of using, carrying, and brandishing a firearm during a crime of violence. United States v. Riner, CR 310-012, doc. no. 1 (S.D. Ga. Oct. 14, 2010) (hereinafter "CR 310-012"). Petitioner drove the "getaway car" for her two co-defendants, and she had her two minor children, ages three and five, with her in the back seat of the car at the time. Id., doc. no. 40, pp. 5-6; Presentence Investigation Report ("PSI") ¶¶ 5, 9, 27. Petitioner faced a sentence of imprisonment up to twenty-five years on the armed bank robbery charge and a consecutive seven-year sentence for the

firearm charge. Id., doc. no. 4. Petitioner retained attorney James Wiggins to represent her. Id., doc. nos. 13, 14.

On January 13, 2011, Petitioner pleaded guilty to the armed bank robbery charge. Id., doc. nos. 32, 34, 36, 40. United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to a total sentence of imprisonment of 180 months, and judgment was entered on July 26, 2011. Id., doc. no. 54. Consistent with the appeal waiver provision of her written plea agreement, (id., doc. no. 34, p. 5), Petitioner did not appeal.

Although Petitioner's plea agreement also included a waiver of the right to collaterally attack her conviction and sentence in a post-conviction proceeding, (id.), Petitioner now raises one claim in her motion to vacate, set aside, or correct her sentence. (Doc. no. 1.) Petitioner asserts Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor-role reduction to her sentence. (Id. at 4.) Because U.S.S.G. § 3B1.2 was amended November 1, 2015, Petitioner maintains her motion, signed October 26, 2016, is timely. (Id. at 1, 4.)

## II. DISCUSSION

Amendment 794 affords Petitioner no relief. The amendment made no substantive change to U.S.S.G. § 3B1.2. Rather, it merely "clarified the factors to consider for a minor-role-adjustment." United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016); United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). Thus, even if the Court were to assume the collateral attack waiver in the plea agreement was invalid, as a threshold matter, the Court must decide "whether

2

[Petitioner's] claim that [her] sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255.[1] Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).

A comparison of the circumstance of Burke and this case confirms relief is not available to Petitioner in a § 2255 proceeding. In both cases the petitioners did not appeal. Id. at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. Id. Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

Because Amendment 794 is a clarifying amendment resulting in no change to the substantive law, Petitioner had the opportunity to challenge the denial a minor role adjustment at her original sentencing and on direct appeal, id. at 1332, but she did not. The record does not reflect any objection to the Guidelines sentence calculation, and the PSI clearly delineated no adjustment for Petitioner's role in the offense of conviction. PSI ¶ 34; see also CR 310-012, doc. no. 64, pp. 3-4. Moreover, Petitioner offers no viable explanation why she would qualify for consideration of a minor role adjustment, stating only in conclusory terms her belief she was "not as culpable as the other participants in the criminal activity." (Doc. no. 1, p. 4.) "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally

---

[1] Petitioner does not acknowledge the waiver, let alone challenge its validity.

unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." Burke, 152 F.3d at 1332.

The case cited by Petitioner out of the Ninth Circuit, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), is of no help not only because it is non-binding case law outside of the Eleventh Circuit, but also because it held that Amendment 794 may be applied retroactively to direct appeals. 823 F.3d at 522-23. There is no authority that Amendment 794 may be applied in this post-conviction context. Moreover, the conclusion reached by the Court herein is consistent with other decisions from the Southern District of Georgia. See Willingham v. United States, Nos. CV 116-130 / CR 113-010, 2016 WL584448 (S.D. Ga. Sept. 7, 2016), *adopted by* CV 116-130, doc. no. 4 (S.D. Ga. Oct. 3, 2016) (Hall, J); Jacobs v. United States, Nos. CV 416-216 / CR 414-343, 2016 WL 4183312 (S.D. Ga. Aug. 5, 2016), *adopted by* CV 416-216, doc. no. 4 (S.D. Ga. Aug. 24, 2016) (Bowen, J.); Knight v. United States, CV 616-102 / CR 609-048, 2016 WL 4082701 (S.D. Ga. July 29, 2016), *adopted by* CV 616-102, doc. no. 4 (S.D. Ga. Aug. 19, 2016) (Wood, C.J.).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA